# EXHIBIT 3



February 11, 2021

Philip Wang
Russ August & Kabat
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
pwang@raklaw.com

Fish & Richardson P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024

202 783 5070 main
202 783 2331 fax

**Adam R. Shartzer**
Principal
shartzer@fr.com
202 626 6380  direct

**Re:** *Realtime Adaptive Streaming, LLC v. Sling Media, L.L.C. et al.*, **Civil Action No. 1:17-cv-02097-RBJ (D. Colo.)**

Dear Mr. Wang:

As you are counsel for Realtime Adaptive Streaming, LLC ("Realtime"), we write to you on behalf of our clients, Defendants DISH Network L.L.C., DISH Technologies L.L.C., Sling Media L.L.C., and Sling TV L.L.C. (collectively, "DISH" or "Defendants") regarding Realtime's claims in Civil Action No. 1:17-cv-02097-RBJ (D. Colo.). As you know, Realtime recently sought to lift the stay in this case, forcing the Defendants to incur significant ongoing expenses and attorneys' fees. With this letter, Defendants place Realtime and its counsel on notice regarding the significant financial liability that Realtime and its counsel face, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 35 U.S.C. § 285, if Realtime continues to pursue this meritless litigation.

**I.    U.S. Patent No. 8,934,535**

We first address U.S. Patent No. 8,934,535 ("the '535 patent"). It is Defendants' understanding that there is no claim of the '535 patent that could ever be asserted in the future against Defendants. Each and every claim of the '535 patent has either been disclaimed by Realtime, held patent ineligible under 35 U.S.C. § 101, and/or held unpatentable by the Patent Trial and Appeal Board ("Board"). Defendants understand that all of these results are final and there are no pending appeals. As such, Defendants expect Realtime to agree to a *with prejudice* dismissal of the '535 patent claims and infringement assertions in this case.

Realtime's Notice of Withdrawal to the Court ("Notice"), Dkt. No. 177, did not and cannot effectuate a proper dismissal of Realtime's claims, since Defendants have answered. Fed. R. Civ. P. 41(a)(1)(A). Instead, the parties must stipulate to a dismissal and Realtime has no basis for maintaining its demands that the dismissal be without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(ii). Kindly confirm that Realtime will stipulate to a *with prejudice* dismissal of its claims against the Defendants regarding the '535 patent. In return, Defendants would agree to dismiss the pending declaratory judgment counterclaims of invalidity and non-infringement regarding the '535 patent.

fr.com



Page 2

We require Realtime's confirmation by Friday, February 11, 2021 at 8PM ET that it will proceed with an agreement to a *with prejudice* dismissal of its claims regarding the '535 patent. While Realtime filed its Notice several weeks ago, Realtime unfortunately served discovery on the Defendants on February 9, 2021 defining "patents-in-suit" and "asserted patents" to include the '535 patent. Realtime has no basis for continuing to demand discovery related to the '535 patent. Absent Realtime's confirmation, Defendants will engage in motions practice to force Realtime to comply, and Defendants will seek recovery of costs, expenses, and attorneys' fees under 35 U.S.C. § 285 or as a result of Realtime's unreasonable and vexatious multiplication of the proceedings under 28 U.S.C. § 1927.

II. **U.S. Patent No. 8,867,610**

**A. Claims Against Licensed Products and Products that Never Performed Compression**

Realtime continues to pursue infringement claims regarding U.S. Patent No. 8,867,610 ("the '610 patent") against accused products that are licensed via Realtime's license agreement with RPX and against accused products where Realtime cannot make a colorable infringement argument because the products perform no compression of any kind. Making matters worse, knowing that it had completed essentially no discovery prior to the stay, Realtime's recent post-stay scheduling proposal provided little time to complete discovery against this over-inclusive universe of accused products, despite warnings from Defendants and the Court that this compressed schedule was ill-advised.

Realtime has received from Defendants several declarations regarding the vast majority of the products that Realtime accuses of infringing the '610 patent and Defendants' investigation remains ongoing. These declarations set forth a factual basis demonstrating that the products that perform compression do so with instrumentalities that Realtime licensed through its license agreement with RPX. There simply is no basis to continue to force Defendants to respond to Realtime's expansive discovery demands on products that Realtime has already licensed.

Further, the declarations make clear that broad classes of accused product *do not perform compression at all* and never should not have been accused in this case, pursuant to Rule 11. The best that can be said for the '610 patent is that it claims a method of performing conventional compression algorithms; yet here the threshold fact of compression is simply missing as to numerous accused products. Again, continuing expansive discovery into clearly irrelevant products is unwarranted and simply increases everyone's costs.



Page 3

Please confirm by Friday, February 11, 2021 at 8PM ET that Realtime will drop its infringement allegations as to the following licensed and/or non-infringing products: Hopper3 STB; Hopper with Sling STB; 4K Joey; Joey 1; Joey 2; Wireless Joey; Super Joey; ViP 722K; ViP 722; ███████████████████████████████████████████; SlingStudio Hub; Sling TV Service; Sling Blue; and Sling Orange. Realtime continues to seek discovery of (and Defendants continue to expend resources on) products that cannot possibly infringe the '610 patent. We strongly urge you to consider the points we have made above before proceeding any further on these products. If Realtime refuses to confirm that it will drop its infringement allegations against these products, Defendants will seek the assistance of the Court and request fees for Realtime's continued insistence to demand discovery regarding products that are licensed and products that should never have been accused. Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

### B. The Invalidity of the Asserted Claims of the '610 Patent

Realtime does not have an objectively reasonable basis to continue asserting a patent that is plainly invalid. On two occasions now, the USPTO has issued written determinations regarding the unpatentability of the asserted '610 patent claims. First, in IPR2018-01331, the Board instituted IPR against all asserted claims of the '610 patent, finding a reasonable likelihood that the claims were invalid over the prior art identified in our petition. Realtime never requested rehearing of that institution decision and instead engaged in procedural maneuvering aimed at derailing the IPR process. While Realtime's procedural efforts have prevented a final written decision for now, subject to DISH's pending appeal, the merits of the Board's invalidity analysis remain untouched.

Further, in a separate proceeding, the USPTO has determined that the claims of the '610 patent should not have issued. As you know, on August 7, 2020, the USPTO ordered reexamination of the asserted claims of the '610 patent because a substantial new question of patentability exists as to those claims. Just last week, on February 4, 2021, the Examiner issued a non-final office action. *Ex Parte* Reexamination No. 90/014,548, Reexam – Non-Final Office Action, February 2, 2021. Each asserted claim stands rejected in view of two separate invalidity grounds for each claim. Undeterred, Realtime pressed forward and sought to lift the stay in this litigation, forcing Defendants to needlessly expend additional resources.

Were it not clear before from the Board's institution of Defendants' *inter partes* review petition, it should be clear now: the substantive strength of Realtime's litigating position regarding the validity of the asserted claims of the '610 patent is objectively weak. Realtime's validity position causes this case to stand out from other cases where the USPTO has not

Case 1:17-cv-02097-RBJ Document 308-5 Filed 08/13/21 USDC Colorado Page 5 of 6



Page 4

actively rejected the very same claims—on two separate occasions. As a result, Defendants' letter is necessary to place Realtime on notice regarding its obligations under Rule 11 and regarding Defendants' intent to seek fees and costs under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

### C. The Ineligibility of the Asserted Claims of the '610 Patent

As determined in detailed orders from both the District of Delaware and the Central District of California, numerous claims of the '535 patent—the parent patent to the '610 patent—were held patent ineligible under 35 U.S.C. § 101. Even a casual comparison of the '610 patent asserted claims to the now invalid claims of the '535 patent reveals that the '610 asserted claims are likely to suffer the same ineligibilty finding.[1]

Since the Delaware and California Courts made their ineligibility findings, the Federal Circuit issued its ruling in *Adaptive Streaming Inc. v. Netflix, Inc.*, 2020 U.S.P.Q.2D (BNA) 11483 (Fed. Cir. 2020). There, the Federal Circuit examined the eligibility of patent claims generally directed to data structures for examining parameters of video signals to determine a more optimal compression format to apply to the video signal. The Federal Circuit agreed with the district court's determination that the claims of that patent violated the requirements of 35 U.S.C. § 101. Given the similarities of the claims of the '610 patent to the claims of the Adaptive Streaming patent reviewed by the Federal Circuit, there can be no objective basis for continuing to litigate claims against Defendants that are clearly patent ineligible. Again, please confirm by Friday, February 11, 2021 at 8PM ET that Realtime will drop its infringement allegations as to the '610 patent.

### III. Conclusion

In view of the significant problems with the merits of Realtime's case, there is no reasonable basis to press forward with this litigation. Realtime continues to assert invalid claims and prosecute infringement against licensed products and products it should have known do not perform compression, including seeking time-consuming and expensive discovery. In Defendants' view, Realtime has two options: (1) stipulate to dismiss its claims regarding the '610 patent and Defendants would jointly dismiss their counterclaims, or (2) jointly seek to stay the litigation in view of the USPTO's rejection of all asserted claims of the

---

[1] Notably, Realtime suffered a sanctions order and award of fees in its case against Netflix in the Central District of California as a result of its continued insistence on litigating the invalid and ineligible claims of the '535 patent. There is no reason to continue down the same path with continued litigation of the '610 patent.



Page 5

'610 patent.  If the Court will not stay the case, then Realtime's only option would revert to option (1), detailed above.

If Realtime continues its pursuit of this litigation—despite all of the facts and legal determinations indicating Realtime's litigation positions lack substantive merit—Defendants will seek costs, fees, and sanctions against Realtime and jointly and severally against its counsel pursuant to Rule 11, 35 U.S.C. § 285 and 28 U.S.C. § 1927.  If you believe otherwise, please immediately respond promptly—and substantively—to this letter so that we may have your position.  We would prefer not to draft a formal motion for sanctions and serve it on you in compliance with Fed. R. Civ. P. 11(c), but we are prepared to do so if you fail to substantively respond.

Sincerely yours,

Adam Shartzer