# EXHIBIT 4



Philip X. Wang
E-mail: pwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Main: 310.826.7474
Fax: 310.826.6991

February 23, 2021

**Via Email**

Adam R. Shartzer, Esq.
Fish & Richardson P.C.
1000 Maine Avenue, S.W. Suite 1000
Washington, DC 20024
shartzer@fr.com

      Re:   *Realtime Adaptive Streaming, LLC v. Sling Media, L.L.C. et al.*, Civil Action No. 1:17-cv-02097-RBJ (D. Colo.)

Dear Adam:

      I write in response to your February 11, 2021 letter purporting to put Realtime on notice of alleged weaknesses in its case. In short, none of your arguments—addressed in more detail below—have merit. As one example, you argue that the claims of the '610 patent are patent-ineligible under § 101. But as you know, DISH moved to dismiss under § 101 and the Court denied that motion. Thus, you are threatening fees on an issue DISH lost on. Your other arguments fare no better. They amount to bare assertions without adequate legal or factual basis.

      Indeed, the upshot of your letter to request relief from Realtime that DISH hasn't been able to obtain from the Court. You request that Realtime either "(1) stipulate to dismiss its claims regarding the '610 patent" or "(2) jointly seek to stay the litigation." As to (1), DISH already moved to dismiss, which Realtime opposed and the Court denied. Further, DISH has never filed any other motion to dismiss, motion for judgment on the pleadings, or summary judgment motion on *any* issue. We believe this is because DISH lacks a good faith basis for such a motion. This confirms that Realtime's claims are strong. We will not stipulate to dismissal.

      As to (2), whether the case should remain stayed was the identical issue the parties briefed and argued little over a month ago. The Court considered DISH's arguments—including the ones in your letter—and determined that the stay should be lifted. Realtime agrees with the Court and will not agree to stay the case contrary to the Court's order.



Mr. Adam R. Shartzer
February 23, 2021
Page 2

**The Dropped '535 Patent**

Regarding the dropped '535 patent, I refer you to my responses of February 13 and 20, 2021, and incorporate those responses into this letter. Briefly, the case was stayed pending IPR in February 2019. The '535 claims were subsequently canceled in an IPR filed by third-party Netflix. DISH also filed an IPR on the '535 patent but was terminated from the proceeding when the PTAB determined that DISH was time-barred.

On January 12, 2021—while the case was still stayed—Realtime filed a notice withdrawing its infringement claims for the '535 patent. On January 14, Realtime said same thing in its joint report. On January 15, the Court lifted the stay and set a trial on the remaining patent (the '610 patent). Thus, Realtime hasn't litigated the '535 patent since before the stay and unequivocally withdrew the patent before the stay was lifted.

Meanwhile, on January 13, 2021, your colleague Brian Livedalen sent me an email requesting that Realtime dismiss the '535 patent with prejudice. On January 18, I responded and explained that the proper course is dismissal for mootness. As I wrote: "The asserted claims of the '535 patent were cancelled in IPR. Thus, the appropriate course is for the '535 patent to be dismissed as moot for lack of jurisdiction. Realtime is willing to file a joint motion/stipulation to dismiss the '535 patent as moot."

I didn't receive a response or hear anything on the '535 patent for several weeks. Nor did DISH ever dispute that when claims are canceled by the PTO, the appropriate course is dismissal as moot. Indeed, many Federal Circuit cases confirm this. *See, e.g., Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013); *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1373 (Fed. Cir. 2019); *B.E. Tech. L.L.C. v. Facebook Inc.*, 940 F.3d 675, 676–77 (Fed. Cir. 2019).

More recently, on February 17, 2021, you stated that the parties' only dispute as to the '535 patent is whether DISH should be deemed the prevailing party. You also asked Realtime to "stipulate" DISH is the prevailing party as to the '535 patent. This request is inappropriate. First, the determination of prevailing party is a separate inquiry that will be made, if ever, after the conclusion of the case. Second, DISH is *not* the prevailing party on the '535 patent. DISH has never prevailed on any infringement or validity issue on the '535 patent either within this litigation or outside of it.

We are still waiting to hear on whether DISH will agree to dismiss the '535 patent as moot. If so, Realtime would agree to not argue that because the dismissal says mootness (as opposed to "with prejudice"), DISH is precluded from being deemed the prevailing party on the '535 patent. That question can be briefed and determined at a later time. But Realtime continues to believe that DISH is not the prevailing party and reserves all other arguments.



Mr. Adam R. Shartzer
February 23, 2021
Page 3

**Infringement of '610 Patent**

Your letter also raises issues about (1) DISH's purported license defense and (2) the scope of accused products. As to the license defense—for which DISH bears the burden—you continue to make bare assertions without adequate support. For example, you assert that certain DISH accused products and services use general-purpose "servers" from third parties. But, as we already explained on February 14, 2021, this doesn't come close to establishing a license defense under the facts or the law.

I note that DISH has never fully articulated a license defense. For example, in a call on February 15, 2021 you simply referred us to RPX agreement and didn't explain why you believed it provided a license defense. And I assured you that we've carefully studied the agreement and strongly disagree that DISH's accused products, services, and functionality fall within the definition of licensed products. Nor has DISH ever moved to dismiss, for judgment on the pleadings, or for summary judgment on any license defense. We believe this is because DISH has not—and cannot—adduce the evidence required for such a defense.

You also ignore other evidence that undermine DISH's license defense. For example, it is undisputed that the accused functionality is designed by DISH and implements DISH's proprietary software and source code. Indeed, your colleague Brian Livedalen represented in a February 9, 2021 letter that "the vast majority of the relevant technical documentation in this case is in the form of source code[.]" DISH has never contended that DISH's accused functionality is the proprietary information of third parties. Nor has DISH ever explained how the mere use of general-purpose servers provides a license defense.

As to the scope of accused products, your complaints are moot because Realtime has voluntarily dropped products to streamline discovery, expert reports, and trial. And if any party has impeded discussions about the scope of accused products, it is DISH. I refer you to my response of February 12, 2021, and incorporate that response into this letter.

Briefly, the case was unstayed and the parties resumed discovery on January 15, 2021. Yet DISH waited until February 1 to raise any dispute about the scope of accused products. That day, DISH raised a Broadcom issue regarding three products ("SlingStudio Hub, Hopper3, and Hopper with Sling") that the parties had started discussing before the stay. DISH also made various assertions about additional products that were never previously discussed between the parties. ("Sling TV App 'A LA CARTE TV', HopperGo, Dish Anywhere app, 4K Joey, Wired Joey, Wireless Joey, Super Joey, VIP722, and VIP722K.").

Realtime promptly responded the next day (on February 2). Regarding the three previously-discussed products, we wrote: "Please send us executed versions of the two declarations. After receiving the executed declarations, and based on their representations, Realtime would agree to



Mr. Adam R. Shartzer
February 23, 2021
Page 4

not pursue the 'Hopper3 set-top box,' 'Hopper with Sling set-top box,' and 'SlingStudio Hub' in this case (i.e., not include those three devices as accused products in expert reports)."

Although we expected to receive the signed declarations immediately, DISH delayed in providing them for another 8 days (until February 10). And on that day, DISH provided new and different declarations never previously discussed. DISH also made brand new assertions that it had never raised before, including in DISH's most recent email (on February 1).

Of course, it is improper for DISH to create new declarations only a few weeks before opening reports and demand that Realtime immediately drop certain products before discovery and depositions. Despite these antics, we wrote back on February 12 and agreed to further streamlining based on the new declarations provided just two days earlier:

> Based on the executed declarations, and as we previously informed you, Realtime agrees to not pursue "Hopper3 set-top box," "Hopper with Sling set-top box," and "SlingStudio Hub" in this case (i.e., not include those three devices as accused products in expert reports). Further, based on the new declarations and representations provided for the first time on Feb. 10th, Realtime agrees not to pursue the "4k Joey," "Joey 1," "Joey 2," "Wireless Joey," "Super Joey," "Vip 722K," and "VIP 722."
>
> These agreements are voluntary, intended to streamline discovery and trial, and should not be interpreted as any concession or agreement with DISH's arguments.

This record confirms that Realtime has always acted expeditiously in voluntarily narrowing the accused products—despite DISH's own delays and shifting-sands approach. And more recently, Realtime has proposed rescheduling depositions to promote efficiency. In sum, your complaints about Realtime's discovery conduct are meritless and contradicted by the record.

**Validity of '610 Patent**

As you know, the '610 patent is presumed to be valid, and DISH must prove invalidity by clear and convincing evidence. DISH has twice challenged the validity of the '610 patent in this case (under §§ 101 and 112) and failed both times. Like these prior challenges, the invalidity assertions in your letter lack merit. They don't come close to meeting DISH's burden.

First, you are simply wrong that the PTAB's institution decision in IPR2018-01331 is a "determination" on the merits of invalidity. DISH's IPR petition was time-barred, and Realtime's preliminary response focused entirely on the time-bar issue. The Board's institution decision was



Mr. Adam R. Shartzer
February 23, 2021
Page 5

based on an incomplete record and didn't consider the arguments and evidence presented in Realtime's POR. Indeed, at institution, "the Board is considering the matter preliminarily without the benefit of a full record. The Board is free to change its view of the merits after further development of the record[.]" *Trivascular, Inc., v. Samuels*, 812 F.3d 1056, 1068 (Fed. Cir. 2016). And "there is a significant difference between a petitioner's burden to establish a 'reasonable likelihood of success' at institution, and actually proving [unpatentability] by a preponderance of the evidence at trial." *Id.* (citing 35 U.S.C. §§ 314(a) and 316(e)). The Board never issued a final decision in IPR2018-01331, nor made any determination on the merits.

Likewise, your accusation that Realtime engaged in "procedural maneuvering" cannot be taken seriously. It is DISH—not Realtime—that has abused the IPR process. I remind you that (1) DISH filed an IPR petition that was time-barred; (2) opposed further briefing on the time-bar issue; (3) filed a yet anIPR (IPR2019-00746) seeking to circumvent time-bar rules through joinder-upon-joinder; (4) asked the PTAB to overturn *GoPro* find that the Precedential Opinion Panel system is unconstitutional; (5) argued that the PTAB lacks authority to reconsider its decisions; and (6) appealed IPR2018-01331 to the Federal Circuit despite overwhelming authority that the Federal Circuit lacks jurisdiction to hear the appeal. All these machinations were improper.

Second, the PTO's reexam of the '610 patent is at an early stage and doesn't support invalidity. As your letter states, the examiner issued a "non-final" office action raising a new "question" of patentability. This is a fry cry from an invalidity determination as you suggest. Indeed, the examiner already allowed the '610 patent claims over the prior art, and we are confident the validity of the claims will be upheld. Instead of arguing the merits, we understand you be complaining that Realtime "pressed forward and sought to lift the stay." But the Court already rejected DISH's argument and found the pending reexam doesn't support a stay. We agree with the Court. Realtime has the right to timely enforcement of its patent rights.

Third, your arguments about patent-eligibility mischaracterize the facts and law. Only one court has analyzed the patent-eligibility of the '610 claims. That is this Court's ruling in denying DISH's motion to dismiss. Further—and contrary to your false assertion—the Central District of California issued an order upholding the patent-eligibility of the related '535, '046, and '477 patents. You argue that a "comparison" of the '610 claims to the '535 claims reveals that the '610 claims are likely to receive the same outcome. But this contradicts your argument because claims 1–14 of the '535 patent, and all claims of the '046 and '477 patents, were ***all*** found to be patent-eligible in the court's order. Thus, the Central District of California's ruling strongly supports the validity of the '610 patent.[1]

---

[1] Your statements about the Netflix case (in footnote 1) are also nonsensical and false. The court's ruling about "forum shopping" in that case has nothing to do with any of: (1) the '610 patent, (2) the facts and issues of this case, or (3) the assertions in your letter.



Mr. Adam R. Shartzer
February 23, 2021
Page 6

Next, instead of addressing the '610 patent claims, you resort to misdirection by pointing to wholly unrelated cases not involving patents/claims conceived by the Realtime inventors. But your contention of alleged "similarity" cannot substitute for a total failure of legal and factual proof. Indeed, the '610 claims are most similar to themselves. And this Court already found that these claims are patent-eligible when it denied DISH's motion to dismiss.

* * *

In sum, none of the arguments in your February 11, 2021 letter have merit. They mischaracterize the record and seek to obtain—through correspondence—relief that DISH has failed to obtain on the merits. Indeed, that DISH chose these particular arguments only reinforces the objective strength of Realtime's case. The '610 patent is valid and infringed, we ask that you refrain from casting aspersions without any proper basis. We also ask that you refrain from unnecessary distractions as Realtime continues to litigate this case on the merits.

Yours truly,

*[signature: Philip]*

Philip