# EXHIBIT 9

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF COLORADO

 3
     Civil Action No. 17-CV-02097-RBJ
 4

 5    REALTIME ADAPTIVE STREAMING, LLC,

 6           Plaintiff,

 7           vs.

 8    SLING TV, LLC, et al.,

 9           Defendants.

10   -----------------------------------------------------------------
                            REPORTER'S TRANSCRIPT
11                       Telephone Discovery Conference
     -----------------------------------------------------------------
12
              Proceedings before the HONORABLE R. BROOKE JACKSON,
13   Judge, United States District Court for the District of
     Colorado, commencing on the 26th day of February, 2021, in
14   Courtroom A902, United States Courthouse, Denver, Colorado.

15                                APPEARANCES
     For the Plaintiff:
16   PHILIP X. WANG, Russ August & Kabat, 12424 Wilshire Blvd.,
     12th Floor, Los Angeles, CA 90025
17
     JAMES N. PICKENS, James N. Pickens, Attorney at Law, 1104
18   Northwest 88th Way, Plantation, FL 33322

19   ERIC B. FENSTER, Eric B. Fenster, LLC, 1522 Blake St., Ste.
     200, Denver, CO 80202
20
     For the Defendants:
21   RUFFIN B. CORDELL and BRIAN J. LIVEDALEN and ADAM R. SHARTZER,
     Fish & Richardson, PC, 901 15th St. NW, Ste. 700, Washington,
22   DC 20005

23   JENNIFER L. NALL, Baker Botts, LLP, 98 San Jacinto Blvd, Ste.
     1500, Austin, TX 78701
24
         Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
25                  Denver, CO 80294, 303-335-2108

             Proceedings reported by mechanical stenography;
                 transcription produced via computer.
```

17-CV-02097-RBJ    Tele. Discovery Conference    02/26/2021    24

1   do.  I will order that every deposition that these four
2   experts that you use from case to case have given in other
3   cases be turned over unredacted to Mr. Cordell, and of course
4   to Ms. Nall, but the information will have to be strictly
5   attorneys' eyes only, kept confidential, not used for any
6   purpose other than this case, and I will rely on Cordell and
7   Nall to do what they need to do to avoid spreading Google's
8   crown jewels over the Internet.  I'm not going to spend any
9   more time fooling around, Mr. Wang, with your do I redact this
10  line or do I redact that line in order to protect Google
11  because Realtime wants to be a responsible citizen.  Nuts to
12  that.
13           Next issue.
14           MS. NALL:  Your Honor, this is Jennifer Nall, if I
15  may real quick?
16           THE COURT:  Yes, Ms. Nall.  I didn't realize you were
17  even interested in what was going on today.  You haven't said
18  a word.
19           MS. NALL:  I just would like to ask that Realtime not
20  produce that to ARRIS unless the case goes forward.  Right now
21  we have an agreement in principle to settle the case that we
22  are just working on signing, which I'm sure you'll be happy to
23  hear, and so I do not want that produced, and your order was
24  that he produce it to me.  So I would like that not produced
25  unless we don't settle, please.

                             Sarah K. Mitchell, RPR, CRR

17-CV-02097-RBJ   Tele. Discovery Conference   02/26/2021   25

1   THE COURT: Just produce it to Mr. Cordell then.
2   That's fine. Let's see, the next issue was the damages
3   disclosures. Here I'm a little confused, Mr. Cordell, because
4   you say that they aren't telling you what their damage
5   theories are, and Wang says, Well, yes, we did.
6   MR. CORDELL: Well, so, for example --
7   THE COURT: We disclosed that our theory is a royalty
8   theory.
9   MR. CORDELL: So, for example, Your Honor, he
10   disclosed a half dozen different possible theories, but at no
11   time did he tell us what the royalty rate is or what the
12   royalty base is or how he was going to apportion, which the
13   federal circuit requires -- apportion the royalty base before
14   he applies the royalty rate. What he essentially told us is
15   he is seeking damages in this case, and I understand that, he
16   wouldn't be filing that if he weren't. Rule 26(a)(1)(A)(iii)
17   requires him to make these disclosures at the outset of the
18   case without us even asking.
19   THE COURT: I know that.
20   MR. CORDELL: And we did ask. You know, back in July
21   of 2018 we asked an interrogatory on this, and the time has
22   come for him to put his cards on the table. And he may have
23   to revise it. I wouldn't begrudge him the opportunity to take
24   some more discovery, and he may find that he needs to change
25   this or that, and with good cause that's fine, but we need to

Sarah K. Mitchell, RPR, CRR

17-CV-02097-RBJ    Tele. Discovery Conference    02/26/2021    26

1      know kind of where we are on damages.
2              THE COURT: Well, let me ask you this question,
3      Mr. Cordell. If he hasn't produced the computation in
4      compliance with the rule, I won't let him put on damages.
5              MR. CORDELL: We would certainly be -- we would
6      certainly be happy with that, Your Honor.
7              THE COURT: Well, that's exactly what I'll do. If
8      Mr. Wang hasn't provided the computation of his damages in
9      compliance with the rule, not just the royalty, but the
10     royalty amount, the mathematics, the details, the numbers he
11     expects to put in front of a jury, I won't let him do it.
12              So, Mr. Wang, I suggest that you provide that
13     information completely without weasel words, without
14     qualification, without maybes, without possiblies. Either
15     provide the information, or, you, my friend, are out of court.
16     Is that clear enough, sir?
17              MR. WANG: Your Honor, thank you for those comments.
18     The issue is that the discovery that we need to begin to do
19     those numbers, we've only gotten the documents for that over
20     the past week or so, and we are right about being able to do
21     that. We tried to give them as many specifics as possible,
22     but I think finally where we're in a position based on these
23     rolling document productions that have been -- there have been
24     seven or eight in the past week or week and a half or so -- to
25     do that, and we'll make our best efforts to do that, Your

                          Sarah K. Mitchell, RPR, CRR

17-CV-02097-RBJ     Tele. Discovery Conference    02/26/2021    27

1   Honor.  And based on additional information of the depositions
2   taking place right after this call and next week, we may need
3   to revise that.  But we did the best that we can yesterday,
4   and we'll be happy to work with Mr. Cordell to give them even
5   more specifics based on new discovery.
6             THE COURT:  When are you going to give him these
7   specifics?  Because I'm warning you, you may lose your damages
8   case completely.  I'm very close to saying so.  When are you
9   going to provide damages completely and honestly to
10  Mr. Cordell?
11            MR. WANG:  We've been reviewing the documents and the
12  financials that have just come in.  In view of Your Honor's
13  admonitions, we would provide further information by the end
14  of the day today.
15            THE COURT:  Oh, fine.  So you'll provide your
16  information to him by the end of the day today, and that's
17  what you'll be stuck with.
18            MR. WANG:  We'll do the absolute best we can, Your
19  Honor.  As I mentioned, I think all of the damages-related
20  depositions are taking place -- have been offered over the
21  next week, and --
22            THE COURT:  Then you will supplement what you provide
23  by the end of the day within a week after those depositions
24  have been taken, and that will be it.  That will be your
25  computation.

                              Sarah K. Mitchell, RPR, CRR

17-CV-02097-RBJ   Tele. Discovery Conference   02/26/2021   28

1          MR. WANG:  Thank you, Your Honor.
2          THE COURT:  Now, your fact witnesses that he says you
3    said were too busy, you've said there are four of them, and
4    one of them is in the midst of preparing for a trial that's
5    going to start on Monday, and then you kind of sloughed
6    through another one by saying he's sort of also involved in
7    that process, and then you kind of lumped them all together
8    and say we'll make them available after March 8th.  When are
9    you going to make them available?
10         MR. WANG:  Thank you, Your Honor.  So there are three
11   witnesses -- and, first, I need to be clear that we've also
12   asked defense to confirm if they want to take these
13   depositions since we produced their prior deposition
14   transcript, and we haven't gotten a clear answer.  So one is
15   Mr. Fallon.  We've made him available on March 10th.
16   Defendants haven't yet confirmed that date, but in view of the
17   two-week extension of expert reports, that should be no
18   problem.  Mr. Padian and Mr. Tashjian, two other witnesses,
19   they're tied up with this trial, but it's expected to end on
20   March 8th -- I'm crossing my fingers for a day or two earlier
21   -- and we will be able to offer them as soon as they recover,
22   and at least a few days before opening expert reports on
23   March 17th.  So we're shooting for as soon as possible after
24   March 8th, and I can provide --
25         THE COURT:  Let's come up with dates right now.  I

                          Sarah K. Mitchell, RPR, CRR

```
 1                    REPORTER'S CERTIFICATE

 2

 3          I, SARAH K. MITCHELL, Official Court Reporter for the

 4   United States District Court for the District of Colorado, a

 5   Registered Professional Reporter and Certified Realtime

 6   Reporter, do hereby certify that I reported by machine

 7   shorthand the proceedings contained herein at the time and

 8   place aforementioned and that the foregoing pages constitute a

 9   full, true and correct transcript.

10          Dated this 4th day of March, 2021.

11

12

13

14               /s/ Sarah K. Mitchell

15               SARAH K. MITCHELL
                 Official Court Reporter
16           Registered Professional Reporter
               Certified Realtime Reporter
17
```

Sarah K. Mitchell, RPR, CRR