# EXHIBIT 11

# Caitlin Dean

| | |
|---|---|
| **From:** | Philip Wang <pwang@raklaw.com> |
| **Sent:** | Friday, July 30, 2021 12:56 PM |
| **To:** | Jackson Chambers; Daniel A. Tishman |
| **Cc:** | rak_realtimedata@raklaw.com; Service-Dish_Colorado; Brian Livedalen; Ruffin Cordell; Adam Shartzer; Gottschalk, Hugh (gottschalk@wtotrial.com) |
| **Subject:** | Re: Realtime v. DISH/Sling, 1:17-cv-02097-RBJ - Bench Trial Briefing; Asserted Claims |

[This email originated outside of F&R.]

Dear Judge Jackson Chambers,

Defendants' first issue is, regrettably, an inaccurate and incomplete version of the facts. Realtime has made several proposals to narrow this case for trial. In the evening after the pretrial conference, Realtime offered to limit to five claims if Defendants would limit its invalidity defenses and prior art references, consistent with the discussion at the hearing. Hr. Tr. at 16:22-17:1 ("plaintiff may be willing to limit the number of asserted claims to five or less given a corresponding limit in prior references or possible defenses from defendants").

Defendants declined our offer, as well as a subsequent compromise offer involving no reduction in Defendants' other invalidity defenses.

Late Wednesday evening, Defendants made a new proposal for mutual narrowing. ==Realtime has been discussing this latest proposal internally and expects to respond today.== Realtime believes the parties may be able to reach agreement, so this issue is not ripe for Court intervention.

Thank you,

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com


> On Jul 30, 2021, at 8:10 AM, Daniel A. Tishman <tishman@fr.com> wrote:
>
> Dear Chambers of Judge Jackson:
>
> Defendants in the above-captioned case seek the Court's guidance on two issues ahead of the upcoming August 6, 2021 bench trial:
>
> - **Asserted Claims:** Despite multiple meet and confers, Plaintiff has not reduced the asserted patent claims as it promised at the pre-trial conference on July 16. In an attempt to induce Plaintiff to be reasonable, Defendants agreed to narrow their prior art case to no more than 2 prior art combinations per asserted claim (having already reduced the prior art references by approximately 80%), once Plaintiff makes its claim election. Despite

1

this commitment, Plaintiff still has not narrowed the case in any way.  We are now ten business days before trial. Plaintiff certainly knows which patent claim it intends to present to the jury.  Only Defendants and the Court is still in the dark.  Plaintiff's refusal to be forthcoming results in wasteful expense of judicial and party resources as Defendants and the Court are forced by the Plaintiff to prepare for claims that will not be presented.  We ask for the Court's guidance on this issue.

- **Briefing and Logistics:** If acceptable to the Court, the parties have agreed to file briefs related to the bench trial on **August 2** (Defendants) and **August 4** (Plaintiff), with a potential reply brief by Defendants if warranted.  Defendants continue to coordinate with their witnesses regarding the bench trial; however, due to an illness of a close family member, at least one of our witnesses may need to attend by electronic video conference, if the Court is amenable.

Thank you for your time and attention to this matter.

Respectfully submitted,

Daniel Tishman

**Daniel A. Tishman** :: Fish & Richardson P.C. :: +1-202-626-7725

```
****************************************************************************
*************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
****************************************************************************
*************************************
```